1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

∗ ∗ ∗

LAURA MEGILL, individually, *et al.,*

                                    Plaintiffs,

        v.

METROPOLITAN DIRECT PROPERTY AND
CASUALTY INSURANCE COMPANY, *et al.,*

                                    Defendants.

Case No. 2:11-CV-01964-KJD-GWF

ORDER

Presently before the Court is Plaintiffs' Motion to Enforce Arbitration Agreement and Compel Arbitration (#28). Though the time for doing so has passed, Defendants have failed to file a response in opposition.

This action was removed to federal court on December 7, 2011. On November 8, 2012, the Court signed the parties Stipulation (#26) of dismissal without prejudice. No grounds were stated in the stipulation. However, Plaintiff has attached as an exhibit (#28-1) to his motion a binding arbitration agreement that was executed by the parties at the end of October 2012.

Apparently, Plaintiffs' counsel lost contact with Plaintiff Laura Megill ("Megill") sometime in 2012. Discovery that was propounded by Defendants in February of 2012, before this action was dismissed, was not responded to. In 2016, Defendants corresponded with Plaintiffs' counsel seeking the discovery and deposition dates. Response to the discovery was not provided. Finally, on January 17, 2017, Defendants' counsel sent a letter to Plaintiffs' counsel stating that it was Defendants' position that Plaintiffs were in breach of the arbitration agreement and had waived their right to arbitrate.

Almost a year-and-a-half later, on June 12, 2018, Plaintiffs sent late discovery responses and requested that Defendants arbitrate. On June 18, 2019, Plaintiffs notified Defendants that

1    Megill had to have further surgery as a result of the underlying accident and requested her claim

2    be reopened. Finally, Plaintiffs filed the present motion on November 21, 2019. Plaintiffs now

3    assert that the Court should order Defendants to arbitrate under Nevada Revised Statute ("NRS")

4    38.217(3) and NRS 38.221.

5        NRS 38.221(1)(a) does allow the Court to order the parties to arbitrate if the opposing

6    party does not appear or does not oppose the motion. However, NRS 38.218 requires that unless

7    "a civil action involving the agreement to arbitrate is pending, notice . . . must be served in the

8    manner provided by rule of court for the service of summons in a civil action." This action was

9    not pending when Plaintiffs filed their motion, because the parties had voluntarily dismissed the

10   action in 2012.  See *Pend*, Black's Law Dictionary (8th ed. 1999)("to be awaiting decision or

11   settlement"); *Pending*, Black's Law Dictionary (8th ed. 1999)("[r]emaining undecided; awaiting

12   decision"). Therefore, notice must be served in accordance with Rule 4(h) of the Federal Rules

13   of Civil Procedure.

14       Instead, Plaintiffs have merely mailed and faxed the motion to Defendants' counsel. See

15   Motion to Enforce Arbitration Agreement, ECF No. 28, p. 11. Accordingly, the summons and

16   motion to enforce arbitration agreement not having been served in compliance with Rule 4(h)

17   and (m), is denied without prejudice.

18       Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Enforce Arbitration

19   Agreement and Compel Arbitration (#28) is **DENIED without prejudice.**

20       Dated this 20th day of August, 2020.

21

22                                                    _____
                                                      Kent J. Dawson
23                                                    United States District Judge

24

25

26

27

28

- 2 -